# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARRICK PARKIN, | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 3:18-0497 |
| CRAIG LOWE, et al., | : | (JUDGE MANNION) |
| Defendants | : | |

## MEMORANDUM

## I. Background

Garrick Parkin, formerly a detainee[1] of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following Pike County Prison employees: Warden Craig Lowe, Assistant Wardens Jonathan Romance and Robert McLaughlin. Id. Plaintiff's complaint states in toto:

> Craig Lowe is the Warden of Pike County Correction Prison. Jonathan Romance is Assistant Warden, also Robert McLaughlin, and I'm being detained here. They are responsible for the operation, the staff, our security, well being, our lives and as we're under their care, they are full responsible for the prison and what

---

[1] On June 7, 2018, Plaintiff notified the Court that he had been released from Pike County Prison and currently resides at Bassie Baker District, Mt. Peto PO, Hanover, Jamaica, WI. (Doc. 7).

takes place and treat us as human being as we are.

Id. For relief, Plaintiff requests that the Court "force them to take better care of us, stop punishing us severely, especially (ICE) detainees who are not criminals, we need bodily privacy." Id. Additionally, Plaintiff seeks to be "segregat[ed] from dangerous and hard criminal, state and county inmates", and punitive damages. Id.

Along with the filing of his complaint, Parkin has submitted a motion to proceed *in forma pauperis*. (Doc. 3). Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present form. Consequently, Parkin will be granted *in forma pauperis* status, but he will be directed to file an amended pleading in this action on or before July 20, 2018. The failure to do so will result in dismissal of the instant action.

II.     **Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, the Court is obligated to review the complaint pursuant to 28 U.S.C. §1915A, which provides, in pertinent part:

> **(a) Screening**.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing,

2

a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." [Fed.R.Civ.P. 12(b)(6)](#).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)](#) continuing with our opinion in [Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]](#) and culminating recently with the Supreme

3

Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

## II. Discussion

A plaintiff, in order to state a viable §1983 claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

4

It is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. See, e.g., Rizzo v. Goode, 423 U.S. 362 (1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. Sutton v. Rasheed, 323 F.3d 236, 249–250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. Id. As the Court stated in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

Aside from stating that Warden Lowe, and Assistant Wardens Romance and McLaughlin are responsible for the operation and security of the Pike County Prison, there are no allegations that these Defendants were personally involved in any incidents of constitutional deprivation, specifically relating to Parkin. Thus, it is apparent that Plaintiff is attempting to impose liability on Warden Lowe and Assistant Wardens Romance and McLaughlin

5

on the basis of *respondeat superior*. As such, these Defendants are entitled to dismissal.

Thus, it appears that the Plaintiff, in an amended complaint, would better describe any personal involvement in an alleged misdeed, and an amended complaint may be filed once as of right before an answer is filed. See Fed.R.Civ.P. 15. It is necessary and important to allow the Plaintiff to amend his complaint so that the issues raised in this litigation may be decided fully on their merits. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981); Kauffman v. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846 (1970). The Plaintiff's conclusory claims regarding "care" and "punishing" may be amended under penalty of dismissal. If no proper amended complaint is filed within the prescribed time, this action will be dismissed.

The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Fed. R. Civ. P. 8(a) requires that a complaint consist of a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. The short, plain, and concise statement of claim must " 'give the defendant fair notice of what the plaintiff's

6

claim is and the grounds upon which it rests'." Leatherman v. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 29, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0497-01.wpd